Samuel H. Hofstadter, J.
Plaintiff moves for temporary injunction in enforcement of the Feld-Crawford Act (General Business Law, art. XXIV-A). The offending sales were made at the place of business operated by the defendants. In a subsequent action brought against another defendant, a similar application is before the court. On both motions, defendants urge the “ concessionaire ” defense, which alone requires any consideration.
The facts and circumstances of the offers for sale at the place of sale are sufficiently established to warrant temporary injunctive relief.
The concessionaire’s position is based on evasion. It is stated on behalf of that defendant that the notice given to the other defendants and dated November 7, 1958, came to its attention “ after some delay” and after it had purchased substantial quantities of merchandise for sale for the next several months.
The offending sales were made as early as November 19, 1958, and as late as January 15,1959. The failure to more specifically state the date when the defendant received notice and made, as claimed, the purchase of its present stock, and to relate these facts to the dates of the offending sales, renders the defense insufficient, at this time at least, to defeat the present application. Indeed, it is not stated that there were no purchases made since the time when the defendant received notice.
Defendants urge that plaintiff may not enforce its fair-trade program because it sells at retail in competition with the retail trade. This contention is based on the operation by plaintiff of a salon on Fifth Avenue in New York City, which it maintains as part of its advertising program and where alone it sells at *592 retail at the fair-traded prices as an incident to its consulting service, also offered as part of the advertising campaign. In these circumstances, the application is not thereby defeated. The motions are granted and the bond is fixed in each instance in the sum of $500.
Settle orders accordingly.